## In re DAVID VICTOR B.

### No. 96–315–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Aaron Weisman, Providence.

Catherine Gibran, Paula Rosin, Providence.

### ORDER

This matter came before the Supreme Court on March 3, 1997, pursuant to an order that directed both parties to show cause why the issues raised in this appeal should not be summarily decided. The respondent juvenile, David Victor B., has appealed from a Family Court decree finding him to be delinquent on the basis of a charge of assault with a dangerous weapon. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

The respondent was adjudicated a delinquent by reason of his assault with a dangerous weapon upon one Michael Moretti (Moretti). According to testimony at trial, Moretti and Karen B., respondent's mother, were arguing in or near the parking lot of the apartment complex where both lived. Moretti and respondent's mother had different versions of the dispute. The respondent's mother testified that Moretti swore, shouted, and spit at her, whereas Moretti testified that respondent's mother swore, threatened, and spit at him. There was conflicting testimony on whether Moretti approached respondent's mother with his hands raised toward her neck. It was undisputed that during the dispute, respondent hit Moretti over the head with a club, thereby inflicting serious head injuries.

Following a trial, the Family Court justice declared respondent a delinquent child and ordered him committed to the Rhode Island Training School until his eighteenth birthday, with an additional year suspended, with probation. The respondent filed a timely appeal.

The respondent argued on appeal that he was defending a third person and contended that his assault upon Moretti was justified because respondent "reasonably perceived" that his mother was in imminent danger. The respondent contended that even if Moretti had not attempted to reach toward respondent's mother's neck, the other evidence—that he was "the man of the house," that he was small in comparison to Moretti, and that he observed Moretti screaming, threatening, and spitting on his mother—justified his assault. Therefore, respondent argued, the trial justice erred in finding that respondent attacked Moretti unjustifiably and used excessive force in the attack.

In rendering his decision, the trial justice cited *State v. Beeley*, 653 A.2d 722, 726 (R.I. 1995), for the proposition that "an intervenor is justified in using reasonable force to defend another as long as the intervenor reasonably believes that the other is being unlawfully attacked." In *Beeley*, this Court adopted the Model Penal Code in determining whether the use of force in the defense of another is justified:

"First, the force must be such as the actor could use in defending himself or herself from the harm that he or she believes to be threatened to the third person. * * * Second, the third person must be justified in using such protective force in the circumstances as the actor believes them to be. * * * Finally, the actor must believe that his or her intervention is necessary for the protection of the third party." *Id.* 653 A.2d at 726–27.

The trial justice evaluated the testimony of the witnesses and rejected that of the respondent, his mother, and his sister. Additionally, the trial justice found that neither words nor spitting would justify hitting a person with a club, and he concluded that respondent would not have been justified in using that amount of force to protect himself in the same circumstances, nor would respondent have had a sufficiently reasonable belief that his mother was being unlawfully attacked to warrant the use of a club on Moretti.

This Court affords great weight to the findings of a trial judge and will not disturb those findings absent a showing that the judge misconceived or overlooked material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I.1992). After careful examination of the record, we conclude that the trial justice reviewed all the evidence and properly applied the rule for the defense of a third person as set forth in *Beeley,* 653 A.2d at 726–27. Consequently, we hold that the trial justice did not overlook material evidence, nor was he clearly wrong in adjudging the respondent a delinquent.

Therefore, we deny and dismiss this appeal and return the papers in this case to the Family Court.